United States District Court
Southern District of Texas
**ENTERED**
April 23, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILAL FAWZI BASHEER ALHALABI, | § § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. H-25-526 |
| RANDY TATE, Warden, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Bilal Fawzi Basheer Alhalabi, was previously in the custody of United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") officials at the Montgomery Processing Center in Conroe, Texas. Proceeding *pro se*, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention after the entry of an order of removal. (Dkt. 1). The respondent, Randy Tate, answered with a motion to dismiss or alternatively a motion for summary judgment, supported by the affidavit of an ICE deportation officer. (Dkts. 12, 12-1). In response, Alhalabi filed a motion for release, asking again to be released from detention and providing additional documents. (Dkt. 13). Tate later filed a supplemental motion to dismiss, supported by an amended affidavit. (Dkts. 15, 15-1). Having reviewed the petition, the motions and response, all matters of record, and the law, the Court grants Tate's

supplemental motion to dismiss and dismisses Alhalabi's petition as moot.

## I. BACKGROUND

Alhalabi is a citizen of Jordan who entered the United States as a lawful permanent resident in 2013. (Dkt. 12-1, pp. 2-3). In 2020, Alhalabi was convicted of two felony charges in Harris County, Texas, and he was sentenced to five years in prison. (*Id.*). In April 2024, Alhalabi completed his state sentence, he was released to ICE custody, and ICE began removal proceedings against him. (*Id.* at 3-4). An immigration judge entered an order for his removal on July 19, 2024. (*Id.* at 4). Alhalabi did not appeal that ruling, and it became final on August 19, 2024. (Dkt. 1, p. 3).

In his habeas petition, filed on February 3, 2025, Alhalabi alleges that he has cooperated with ICE's efforts to effect his removal from the United States. (*Id.* at 6). He alleges that travel documents were previously issued for his removal, but he was not removed before the documents expired. (*Id.*). He alleges that he is not eligible for a bond, and he wants to leave the United States. (*Id.*). He contacted his embassy to assist with his removal, but embassy officials responded that they could not help because he is in ICE custody. (*Id.*). Alhalabi also requested help from his immigration judge, but the judge responded that he cannot speed up the removal process. (Dkt. 13, p. 6). Alhalabi alleges that his continued detention violates his constitutional rights as explained in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001),

and he asks the Court to either arrange for his removal or release him from detention. (*Id.* at 7).

Tate responded to Alhalabi's petition with a motion to dismiss or, in the alternative, a motion for summary judgment, supported by the affidavit of Deportation Officer Kevin Alexis. (Dkts, 12, 12-1). In his affidavit, Alexis states that Jordan issued travel documents for Alhalabi in November 2024; however, Alhalabi's removal could not be completed before the documents expired. (Dkt. 12-1, p. 4). Jordan issued a second set of travel documents for Alhalabi in January 2025, and ICE scheduled Alhalabi to depart the United States on February 18, 2025, but Alhalabi was cut from the removal flight. (*Id.*). Jordan issued a third set of travel documents for Alhalabi on March 12, 2025, and ICE has scheduled Alhalabi on a removal flight on April 4, 2025. (*Id.*). Tate alleges that these facts are sufficient to rebut any belief that Alhalabi's detention will continue indefinitely, and they demonstrate a significant likelihood that Alhalabi will be removed in the reasonably foreseeable future. (Dkt. 12, pp. 5-6). Tate also alleges that Alhalabi's continued detention is proper because he is a flight risk who poses a danger to the community. (*Id.* at 6).

In his motion for relief and response to Tate's motion, Alhalabi contends that ICE's failure to schedule his removal under the first set of travel documents provides good reason to believe that there is no significant likelihood of his removal in the

reasonably foreseeable future. (Dkt. 13, p. 3). He also denies that he is a flight risk or a danger to the community. (*Id.*). He asks again to be released from detention pending his removal. (*Id.* at 4).

On April 14, 2025, Tate filed a supplemental motion to dismiss, along with Alexis's amended affidavit. (Dkts. 15, 15-1). The amended affidavit shows that Alhalabi was removed from the United States to Jordan on April 4, 2025. (Dkt. 15-1, p. 4). Public records confirm that Alhalabi is no longer in ICE custody and that the order of removal has been effected. *See* United States Immigration & Customs Enforcement, Online Detainee Locator System, available at https://locator.ice.gov (visited Apr. 22, 2025). Tate seeks dismissal of the petition based on this information, contending that Alhalabi's removal renders his petition moot. (Dkt. 15, p. 1).

## II.   **DISCUSSION**

A case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The case or controversy requirement requires a party to have a "personal stake in the outcome of the lawsuit" throughout the duration of the proceedings. *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable

judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477). An action also becomes moot "when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (per curiam) (quoting *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013)).

Alhalabi's petition challenges only his continued detention while he is awaiting removal from the United States. His removal from the United States and return to Jordan leave no continuing injury for this Court to remedy and prevent this Court from providing any meaningful relief. The intervening circumstance of Alhalabi's removal also renders this Court no longer capable of providing him with any meaningful relief. Alhalabi's petition is therefore moot and must be dismissed.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent Randy Tate's motion to dismiss, or in the alternative motion for summary judgment, (Dkt. 12), is **GRANTED**.

2. Alhalabi's petition for writ of habeas corpus, (Dkt. 1), is **DISMISSED without prejudice as moot**.

3. All other pending motions, including Alhalabi's motion for relief, (Dkt. 13), are **DENIED as moot**.

4. Final judgment will be separately entered.

5. A certificate of appealability will not be issued. *See Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000).

**The Clerk of Court will provide a copy of this Order to the parties.**

SIGNED at Houston, Texas on _Apr. 23_, 2025.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE